UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**JEANNE T BUCKNER**,

Debtor.

Case No. **10-61402-7**

## MEMORANDUM of DECISION

At Butte in said District this 2nd day of December, 2010.

In this Chapter 7 bankruptcy, after due notice, a hearing was held November 2, 2010, in Butte on E. Earl Norwood's ("Norwood") Objection and Motion to Vacate October 5, 2010, Order filed October 14, 2010, at docket entry no. 26, and depending on the outcome of the foregoing matter, on Norwood's Motion to Modify Stay filed September 15, 2010, at docket entry no. 12. James J. Screnar of Bozeman, Montana appeared at the hearing on behalf of Debtor and Jon E. Doak of Billings, Montana appeared on behalf of Norwood. The Court heard argument from counsel, but no witness testimony or exhibits were offered.

BACKGROUND

Debtor commenced this Chapter 7 bankruptcy proceeding on June 11, 2010. Norwood filed a Motion to Modify Stay on September 15, 2010. Debtor filed an Objection in response to the Motion to Modify Stay on September 16, 2010, at docket entry no. 17, and set the matter for preliminary hearing. On September 21, 2010, Debtor filed a request to continue the preliminary hearing on Norwood's motion to modify stay, which request the Court granted. By Order entered September 22, 2010, the hearing on Norwood's motion to modify stay was continued to

1

November 2, 2010.

Also on September 16, 2010, Debtor filed at docket entry no. 15 a motion to avoid Norwood's judgment lien.  Debtor's motion to avoid Norwood's judgment lien was filed in accordance with Mont. LBR 4003-4, which provides:

> A debtor shall move to avoid liens pursuant to 11 U.S.C. § 522(f)(1) by filing Mont. LBF 24.

In accordance with the above, Debtor's counsel utilized Mont. LBF 24, when he filed Debtor's motion.  Mont. LBF 24 includes a "NOTICE TO CREDITOR" provision which grants the affected creditor fourteen (14) days to respond to a debtor's request for lien avoidance and schedule the matter for hearing.  The "NOTICE" provision attached to Debtor's motion provides that "[i]f no objections are timely filed, the Court may grant the relief requested as a failure to respond by any entity shall be deemed an admission that the relief requested should be granted."

Norwood did not respond to Debtor's motion within the fourteen day time period.  The Court deemed Norwood's lack of response an admission by Norwood and his counsel that the averments set forth in Debtor's motion were well taken.

In particular, Debtor asserted in the motion that Norwood's judicial lien impaired Debtor's homestead exemption.  In support of such assertion, Debtor represented that the market value of the homestead property was $185,000.00.  The allowable homestead exemption on the date Debtor filed her bankruptcy petition was $250,000.00 under MONT. CODE ANN. § 70-32-104.  Utilizing the formula set forth in 11 U.S.C. § 522(f)(2)(A) and the uncontested facts asserted by Debtor, the Court entered an Order on October 5, 2010, concluding that Norwood's judicial lien impaired Debtor's homestead exemption.  Norwood's Objection and Motion to

Vacate October 5, 2010, Order followed on October 14, 2010. In addition, Debtor's counsel filed the following Joint Agreed Statement of Facts on October 28, 2010:

1. Jeanne Buckner is the Debtor in the above entitled case and is the owner of real property at 619 Meadowlark Lane, Livingston, described as Lot 10, Block 2 of Werner Addition No. 1 to the City of Livingston, Park County, Montana which is her primary residence and which she claims fully exempt as her homestead.

2. From prior to April, 1974 until late May, 2006, Jeanne was married to a certain Edward Buckner.

3. Jeanne and Edward purchased the above property in which they lived on April 8, 1974. The deed involving the property created a tenancy in common.

4. On about November 6, 1998, E. Earl Norwood filed suit against Jeanne and Edward Buckner and others in the Montana District Court for the 13th Judicial District, Yellowstone County, which suit was tried in October, 2000.

5. Jeanne and Edward file their joint homestead declaration on November 1, 2000.

6. E. Earl Norwood obtained a judgment against Jeanne and Edward, and others, jointly and severally, on December 6, 2000, in the 13th Judicial District Court.

7. A transcript of the December 6, 2000, Judgment was filed December 21, 2000, in the District Court for Park County, Montana.

8. Edward Buckner died on May 26, 2006.

9. In 2009 an estate was opened to probate the ownership of Edward and get full title to Jean. Notice of Publication was published.

10. A judgment has a 10 year life and the Judgment entered December 6, 2000, would

3

therefore expire on December 6, 2010.

11. The Edward Buckner estate was duly probated and Jeanne was appointed Personal Representative of the estate.

12. In her capacity as Personal Representative, Jeanne issued a deed of Distribution to herself as the only heir for Edward's one half interest in the subject real property. This deed was dated December 2, 2009 and recorded December 4, 2009.

13. The estate was then closed. Joseph Swindlehurst, attorney in Livingston, Montana was the attorney in the probate.

14. Earl Norwood did not file a creditor's claim nor did Norwood file suit against the estate to renew the December 6, 2000, Judgment.

15. Jeanne filed a renewed or amended Declaration of Homestead on March 3, 2010.

16. Norwood filed a complaint against Jeanne to renew the judgment in February of 2010 and the judgment was renewed as to Jeanne on May 20, 2010.

17. Jeanne filed for bankruptcy in June of 2010.

18. Norwood filed a Motion to modify stay so that he can proceed with his collection efforts with regard to the above-described property.

As to Norwood's objection and motion to vacate, Norwood fails to identify under which particular Bankruptcy Code section he seeks relief. The Court will, therefore, treat the motion to vacate as a request for reconsideration under Bankruptcy Rules 9023 and 9024. Rule 59, Fed.R.Civ.P., incorporated into the Federal Rules of Bankruptcy Procedure by Rule 9023, provides in pertinent part: "A new trial may be granted to all or any of the parties and on all or part of the issues . . . (2) in an action tried without a jury, for any of the reasons for which

rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgement if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." Under Rule 59(e), "[a]ny motion to alter or amend a judgment must be filed not later than 10 days after entry of the judgment." Rule 59(e) includes motions for reconsideration. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985); 11 Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: Civil 2nd § 2810.1.

In *Brandt v. Esplanade of Central Montana, Inc., et al.* (*"Brandt"*), 19 Mont. B.R. 401, 403 (D. Mont. 2002), the District Court, in affirming this Court's decision, discussed amendment of an order under Rule 59(e): "Amendment or alteration is appropriate under Rule 59(e) if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law. *School Dist. No. 1J, Mutnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)." *See also In re Teigen*, 11 Mont. B.R. 91, 92 (Bankr. D.Mont. 1992). A motion for reconsideration should not be granted if the above test is not met, absent highly unusual circumstances. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Finally, a Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Norwood does not claim that he found any newly discovered evidence. Similarly, Norwood does not claim that this Court committed clear error or that there has been an

intervening change in controlling law. While Norwood's request is not a model of clarity, the Court can surmise from various statements in the motion to vacate that Norwood is asserting the Court's Order avoiding his judgment lien is manifestly unjust. For example, on page 8 of Norwood's combined objection and motion, Norwood's counsel argues: "The risk of misuse of 522(f) to defraud a judicial lien creditor described by this Court in [*In re Weiss*, Case No. 04-63826 (Bankr.D. Mont. February 14, 2005)], appears to be what occurred here." For reasons discussed later, the Court concludes that its October 5, 2010, Order avoiding Norwood's judgment lien was not manifestly unjust.

Reconsideration of a prior decision can also occur under F.R.B.P. 9024, which incorporates Rule 60, Fed.R.Civ.P. Rule 60(b)[1] provides relief for such items as mistake, inadvertence, excusable neglect, newly discovered evidence and fraud. The provisions of Rule 60(b) set forth in subsections (2) through (5) are by their plain terms, not applicable to this proceeding.

Under Rule 60(b)(1), a court may relieve a party from a final judgment for mistake, inadvertence, surprise, or excusable neglect. Courts will not grant relief for an attorney's

---

[1] Rule 60(b) provides:

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

negligent conduct, however, except in very limited circumstances, such as the attorney's death or the diagnosis of a debilitating medical condition.  *See, e.g., United States v. Cirami*, 563 F.2d 26, 34 (2nd Cir. 1977) (attorney's psychological disorder caused professional negligence); *Vindigni v. Meyer*, 441 F.2d 376, 377 (2nd Cir. 1971) (counsel no longer attending to practice and reportedly had "disappeared").  As the Ninth Circuit Court of Appeals has cautioned:

> Counsel for litigants...cannot decide when they wish to appear, or when they will file those papers required in a lawsuit.  Chaos would result....  There must be some obedience to the rules of the court; and some respect shown to the convenience and rights of other counsel, litigants, and the court itself.

*Smith v. Stone,* 308 F.2d 15, 18 (9th Cir. 1962) (lawyer's failure to follow court rules not "excusable neglect" under Rule 60(b)).  Indeed, courts have opined that where failure to submit evidentiary materials arises solely from counsel's carelessness, to grant Rule 60(b) relief would constitute an abuse of the trial court's discretion.  *Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds, *cert. denied*, 510 U.S. 859, 114 S.Ct. 171 (1993); *Lomas and Nettleton Co. v. Wiselley*, 884 F.2d 965, 967 (7th Cir. 1989).

In this case, Norwood's counsel asserts that he and Debtor's counsel had agreed to continue the hearing on Norwood's motion to modify stay.  That agreement is reflected in a request for continuance filed by Debtor's counsel on September 21, 2010.  In an Order entered September 22, 2010, the Court continued the hearing on Norwood's motion to modify stay to November 2, 2010.  The Court would note that Debtor's objection at docket entry no. 17 to Norwood's motion, the request for continuance filed at docket entry no. 18 and the order granting the request for continuance at docket entry no. 19 are linked solely to Norwood's motion to modify stay.  The aforementioned objection, motion and order are not linked to Debtor's motion to avoid lien.  Norwood's counsel is an experienced bankruptcy practitioner and should have known that it was

incumbent upon him to file a response to each and every motion, or risk having an order entered by default, such as happened in this case.  Norwood's counsel's excuse that he assumed the motion to continue hearing would continue any hearing on Debtor's motion to avoid lien falls flat because the matter would not be set for hearing in the first instance until Norwood filed a response or objection.  The Court could not continue a hearing that was not set in the first instance.  Accordingly, Norwood's request to vacate the October 5, 2010, Order is denied under Rule 60(b)(1).

With regard to relief under Rule 60(b)(6), the Ninth Circuit explains:

> [D]oes not particularize the factors that justify relief, but we have previously noted that it provides courts with authority "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 614-15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949), while also cautioning that it should only be applied in "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950).  *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64, 108 S.Ct. 2194, 2204, 100 L.Ed.2d 855 (1988).
>
> Following the admonitions of the Supreme Court, we have used Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir* Co., 984 F.2d 1047, 1049 (9th Cir.), *cert. denied*, 510 U.S. 813, 114 S.Ct. 60, 126 L.Ed.2d 29 (1993).  "The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Id.*

*United States v. State of Washington, et al.*, 98 F.3d 1159, 1163 (9th Cir. 1996).

Under the facts of this case, the extraordinary remedy of equitable relief under Rule 60(b)(6) simply is not warranted.  The parties' stipulated facts are at best, vague and incomplete.  For instance, the Court does not know whether Norwood knew that Edward passed away in 2006 or whether Debtor had Norwood's address and thus, whether service of the probate was adequate.  However, regardless of the facts, only a limited number of scenarios can exist.  Under any of the scenarios, prior to and up to Edward's date of death, Debtor owned a one-half interest in the real property described as Lot Ten (10) of Block Two (2), Werner Addition Number One (1), to the

City of Livingston, Park County, Montana, according to the official plat thereof on file and of record in the office of the Clerk and Recorder of Park County, Montana. *See Flood v. Kalinyaprak*, 2004 MT 15, ¶ 23, 319 Mont. 280, 286, 84 P.3d 27, 32 ("[A]ssets held by tenants in common are presumed to be divided equally because the assets are presumed to be owned equally.") Debtor continues to own that same interest.

Whether Debtor's interest in the real property was transformed as a result of Edward's death and the subsequent probate of his estate is irrelevant. Norwood relies on this Court's decision in *In re Weiss* to support his motion to vacate. The analysis in *Weiss* is simply not applicable in the instant case. In *Weiss*, the debtor sought to avoid a lien held by his ex-spouse against the debtor's homestead property that was created by the couple's decree of dissolution. Relying on the United States Supreme Court's holding in *Farrey v. Sanderfoot*, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), and the *Estate of Catli v. Catli (In re Catli)*, 999 F.2d 1405, 1406 (9th Cir. 1993), this Court wrote:

> In *Catli*, the Court held "that the critical issue in determining whether a debtor may avoid a lien under § 522(f)(1) is whether the debtor 'ever possessed the interest to which the lien fixed, before it fixed.'" *Id.* at 1408. With regard to the division of property under a divorce decree, the Supreme Court, in *Farrey* addressed "whether § 522(f) of the Bankruptcy Code allows a debtor to avoid the fixing of a lien on a homestead, where the lien is granted to the debtor's former spouse under a divorce decree that extinguishes all previous interests the parties had in the property, and in no event secures more than the value of the nondebtor spouse's former interest." *Id.* at 296. There, the divorce decree granted the entire homestead property to Sanderfoot and simultaneously created a lien in favor of Farrey.[2] Thus, Sanderfoot obtained his interest in the subject property at the same

---

[2] As set forth in *Farrey v. Sanderfoot*, 500 U.S. at 293:

"The decree granted Sanderfoot sole title to all the real estate and the family house[.] . . . The judgment also allocated the couples liabilities. . . . Sanderfoot stood to receive a net award of $59,508.79, while Farrey's award would otherwise have been $1,091.90. To ensure that the

9

> time that Farrey's lien was created. The Supreme Court in *Farrey* concluded that "unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1)" and due to the simultaneous creation of a property interest and the fixing of the lien in a dissolution proceeding, the lien did not fix to a pre-existing property interest. *Id.* at 296, and 300-01.

*In re Weiss*, Case No. 04-63826, docket entry no. 11.

Debtor had a one-half interest in the real property prior to the time Norwood's lien attached to such property. Following Edward's death, Debtor then obtained Edward's one-half interest, thus putting Debtor in a position where she had a fee interest in the entire property. The fact that Debtor renewed or amended her homestead exemption in March of 2010, is not important because under *In re Michael*, 163 F.3d 526 (9th Cir. 1998), Debtor can amend her schedules at any time to claim a homestead exemption and Debtor is entitled to a homestead exemption in at least the interest she held in the real property prior to Edward's death.

Therefore, at a minimum, Norwood's judgment lien impairs Debtor's homestead exemption in at least her separate interest in the real property. Moreover, Norwood's obligation against Debtor has been discharged in Debtor's bankruptcy case. As a consequence, Norwood no longer has any lien against Debtor's one-half interest in the real property at issue. The only unresolved matter is whether Norwood's claim against Edward's interest in the real property still survives. The Court need not tackle that issue in this case.

Norwood filed his pending Motion to Modify Stay asserting that if relief is granted, he

---

division of the estate was equal, the court ordered Sanderfoot to pay Farrey $29,208.44, half the difference in the value of their net assets. . . . To secure this award, the decree provided that Farrey 'shall have a lien against the real estate property of [Sanderfoot] for the total amount of money due her pursuant to this Order of the Court . . . and the lien shall remain attached to the real estate property . . . until the total amount of money is paid in full.'"

"will seek foreclosure and liquidation of" the real property at issue in accordance with applicable nonbankruptcy law. It is clear that Norwood seeks to liquidate the entire property, even though Debtor's interest in the property is protected by her homestead exemption and even though the Bankruptcy Code permits Debtor to avoid Norwood's judgment lien as it relates to Debtor's interest in the property. Based upon the skeletal facts now before the Court and given the burdens of proof, the Court would deny Norwood's motion to modify stay because liquidation of the entire property would violate the discharge injunction.

The latter part of the above discussion is merely academic because the facts presently before the Court establish that Debtor is entitled to avoid Norwood's judgment lien at least as it relates to the one-half interest she owned in the real property prior to Edward's death. For that reason alone, the Court finds that Norwood's request to vacate the entire October 5, 2010, Order is not well-taken. However, this Court also concludes that Norwood's motion to vacate fails to satisfy the requirements of either Rule 59 or Rule 60. Therefore, the Court will enter a separate order providing as follows:

IT IS ORDERED Earl Norwood's Objection and Motion to Vacate October 5, 2010, Order filed October 14, 2010, at docket entry no. 26, is OVERRULED and DENIED.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana